# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF INDIANA

DANIEL R. FUQUAY, SR.,       )
                                    )

           Petitioner,      )

vs.                              )         3:11-cv-135-SEB-WGH

                                    )

STEVE KEEVER,            )

                                    )

           Respondent.     )

## Entry Discussing Selected Matters

### I.

The petitioner's motion to correct caption [7] is **granted**. The official as identified by the petitioner in that motion and as shown in the caption of this Entry is substituted as the respondent.

### II.

Fuquay was sentenced for a drug offense on April 24, 1992, in Vanderburgh County in No. 82C01-9012-CF-08529. He was released from prison and began serving a term of probation relative to the sentence in No. 82C01-9012-CF-08529. Shortly before the probation would have ended, the trial court revoked that term of probation on March 27, 2008, because of a conviction for new criminal conduct in No. 82C01-0703-FB-00281. Fuquay now challenges the trial court's 2008 revocation of his probation in No. 82C01-9012-CF-08529. This was the same challenge presented and rejected as untimely in *Fuquay v. Peters*, No. 3:11-cv-16-WTL-WGH (S.D.Ind. 2011).

There are special rules concerning the filing and adjudication of a second or successive petition for a writ of habeas corpus. These are found in 28 U.S.C. § 2244(b)(3)(A).

> Anyone who files a "second or successive" application must start in the court of appeals, and any effort to begin in the district court must be dismissed for want of jurisdiction . . . .

*Benton v. Washington,* 106 F.3d 162, 165 (7th Cir. 1996).

Fuquay shall have **through February 10, 2012**, in which to either demonstrate that the Court of Appeals has given the authorization required by 28 U.S.C. § 2244(b)(3)(A) or show cause why this action could proceed in the absence of such authorization.

## III.

The petitioner's motion for appointment of counsel [11] is **denied**. The reason for this ruling is that the petitioner is amply aware of the circumstances surrounding the revocation of his probation and the challenges to that action. As he points out in his motion, for example, his appeal from the decision in *Fuquay v. Peters*, No. 3:11-cv-16-WTL-WGH (S.D.Ind. 2011), is pending. These are not circumstances in which it is in the interests of justice that counsel be appointed for Fuquay.

**IT IS SO ORDERED.**

Date: 01/17/2012

_Sarah Evans Barker_
SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

**Distribution:**

Daniel R. Fuquay, Sr
Vanderburgh County Jail
3500 N. Harlan Ave.
Evansville, IN 47711